UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD ISAAC JOHNSON,

            Petitioner,

  v.

MARGARET GILBERT,

            Respondent.

Case No. C15-5435 RBL-KLS

**REPORT AND RECOMMENDATION**
Noted For:  September 25, 2015

      Petitioner Donald Isaac Johnson seeks 28 U.S.C. § 2254 habeas relief from his conviction following a bench trial of two counts of voyeurism (Counts I and II) and one count of first-degree criminal trespass (Count III, a gross misdemeanor).  Dkt. 6.  He contends that the evidence presented at trial as to all three counts was constitutionally insufficient.  *Id.*, at 6.  Respondent contends that Mr. Johnson's claim is unexhausted and must therefore be dismissed and further, that the claim should be denied on the merits.

      The undersigned recommends **DISMISSING** the habeas petition without prejudice for failure to exhaust because Mr. Johnson may still bring a timely personal restraint petition in the state courts on this claim.  The undersigned also recommends **DENYING** the issuance of a certificate of appealability.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

**A.     Facts**

The Washington Court of Appeals summarized the facts of Mr. Johnson's crimes and his trial as follows:

> While taking a shower, twelve-year-old S.V. saw Johnson looking at her through the bathroom window. Frightened, S.V. left the shower to tell her babysitter, Julie Stanley, who managed the apartment complex where S.V. and her mother lived. Stanley called the police and told S.V. to stay inside. A few minutes later, when S.V. was back in the shower rinsing the soap from her hair, she saw Johnson come up again and try to open the bathroom window. When S.V. screamed, Stanley ran over and saw Johnson trying to pull the window open. Johnson tried to enter S.V.'s apartment through the front door, but it was locked. He then went to the apartment next door.
>
> Marti Melvin, who lived next door to S.V., was home that day with her son. Melvin heard a knock on the door and yelled for the person to come in. She was expecting Stanley for coffee. Johnson opened the door and asked Melvin about S.V. and another girl, but Melvin did not know what he was talking about. Johnson then said, "I'm just going to come in," and entered the apartment. Report of Proceedings (RP) (Oct. 8 & 9, 2012) at 73. He walked through Melvin's apartment, opening cupboards and doors, and looking through closets. Due to confusion, Melvin was not sure what she did next. Melvin testified that she did not mean to invite Johnson into her apartment but added that she never asked him to leave. She explained that he walked out after he did not find anyone. Melvin then asked Johnson why he had been looking at the girl next door in the shower, and Johnson responded that he thought S.V. was 21 years old.
>
> Stanley testified that she saw Johnson going through the apartment, that Melvin appeared shocked and "freaking out," and that Melvin yelled at Johnson to get out of her house. RP (Oct. 8 & 9) at 51. Stanley added that Johnson forced his way through the apartment before he left.
>
> Johnson eventually wandered to a nearby neighborhood, where an officer approached and questioned him. Johnson told the officer that he had been at the apartment complex trying to talk to a girl. Stanley identified Johnson as the man who had been at the bathroom window and the police arrested him.
>
> The State charged Johnson by amended information with two counts of voyeurism and one count of criminal trespass in the first degree. Johnson chose to represent himself and waived his right to a jury. During his bench trial, S.V., Melvin, Stanley, and two police officers testified to the above facts. Johnson did not present any evidence.

> The trial court found Johnson guilty as charged and entered written findings of fact and conclusions of law to support his convictions. The court imposed concurrent standard range sentences on all counts.

Dkt. 12, Exhibit 8, at 4-5.

**B.  Procedural History**

Mr. Johnson appealed his convictions to the Washington Court of Appeals. His appellate counsel raised six claims: (1) the evidence was constitutionally insufficient to support the conviction for first-degree criminal trespass, and (2) the trial court erred by imposing a combined term of confinement and community custody that exceeded the statutory maximum punishment. Dkt. 12, Exhibit 5, at 1-3. Counsel's brief further challenged the conditions of community custody imposed by the trial court, specifically the conditions requiring Mr. Johnson to submit to "polygraph and/or plethysmograph" testing as ordered by his supervising community corrections officer or therapist, and prohibiting Johnson from possession or consumption of controlled substances without a prescription, contact with "physically or mentally vulnerable individuals," patronizing "establishments that promote the commercialization of sex," and accessing any social websites or sexually explicit materials. *Id*. Mr. Johnson filed a pro se statement of additional grounds challenging the sufficiency of the evidence supporting the voyeurism and criminal trespass counts. *Id.*, Exhibit 6.

The State's brief conceded error with respect to the sentencing issue and some of the community custody conditions. *Id*., Exhibit 7. On December 2, 2014, the three-judge panel of the Court of Appeals concluded that the evidence presented at Mr. Johnson's trial was constitutionally sufficient but ruled that several of the community custody conditions imposed by the trial court were improper and that the sentence structure did not comply with the requirements of RCW 9.9A.701(9). *Id*., Exhibit 8. The appellate court affirmed the convictions

but remanded for resentencing on the felony voyeurism counts. *Id*.

Mr. Johnson did not seek review by the Washington Supreme Court. The Court of Appeals issued its mandate on March 5, 2015. *Id*., Exhibit 9. The Pierce County Superior Court entered an amended judgment and sentence for Counts I and II on April 17, 2015. *Id*., Exhibit 10. In the amended judgment and sentence, the court re-imposed the 57-month prison term but adjusted the length of the community custody term and modified the conditions of community custody. *Id*. at 5-6 & App. H.

## DISCUSSION

A state prisoner must exhaust state remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer*, 481 U.S. 129, 134 (1987). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994), *cert. denied,* 115 S.Ct. 333 (1994). The exhaustion doctrine is based upon comity, not jurisdiction. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

It is the petitioner's burden to prove that a claim has been properly exhausted and is not procedurally barred. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). A claim must be "fully and fairly" presented to the state's highest court so as to give the state courts a fair opportunity to apply federal law to the facts. *Anderson v. Harless*, 459 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270, 276-78 (1971). It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. In order to exhaust the federal habeas claim, petitioner must have fairly presented to the state courts the substance of his federal habeas claim. *Anderson*, 459 U.S. at 6-7 (citations omitted).

REPORT AND RECOMMENDATION - 4

The petitioner must present the claims to the state's highest court, even when such review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845; *see also, Rose*, 455 U.S. at 518-19. Habeas petitions must be dismissed if the state remedies have not been exhausted as to any federal claims. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (*citing Rose v. Lundy*, 455 U.S. 509 (1982)).

Therefore, Mr. Johnson was obligated to present his insufficient evidence claim to the Washington Supreme Court as a federal constitutional violation. The record reflects that Mr. Johnson did not do so. On direct appeal Mr. Johnson argued that the evidence presented at trial was constitutionally insufficient, *see* Dkt. 5, Exhibit 5 (appellate counsel's brief) and Exhibit 6 (pro se brief); but he did not seek further review of the Washington Court of Appeals' decision by the Washington Supreme Court. Mr. Johnson is not yet time-barred under RCW 10.73.090 from filing a personal restraint petition although it is possible that he is barred under Washington state's relitigation rule (see *In re Taylor*, 105 Wn.2d 683, 717 P.2d 755 (1986)) from returning to state court to present his insufficiency claim to the state's highest court. Nevertheless, it is clear that at this point in time Mr. Johnson's habeas claim in unexhausted.

Respondent contends that the petition may be denied on the merits notwithstanding the failure of Mr. Johnson to exhaust the remedies available in State court. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). However, because Mr. Johnson is not yet time-barred from filing a personal restraint petition in state court, the undersigned recommends that the petition be dismissed without

REPORT AND RECOMMENDATION - 5

prejudice for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Johnson not be issued a COA. No jurist of reason could disagree with this Court's conclusion that his habeas claim is not exhausted. Mr. Johnson should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

//

## CONCLUSION

The Court recommends **DISMISSING** the petition without prejudice for failure to exhaust. The Court also recommends **DENYING** the issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit

1 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**

2 **25, 2015**, as noted in the caption.

3      DATED this  8th  day of September, 2015.

                                        Karen L. Strombom
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 7